[No. AO19025. First Dist., Div. Four. Dec. 2, 1983.]

In re MAN J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MAN J., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*All portions of this opinion, except parts III and IV, are certified for publication. (See Cal. Rules of Court, rule 976.1.)

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Joan W. Howarth and Diane M. Griffiths, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eugene Kaster and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PANELLI, J.—A petition filed in the juvenile court alleged that appellant, Man J., a minor, maliciously destroyed property in violation of Penal Code section 594, a misdemeanor. The court sustained the allegations of the petition and ordered appellant placed on six months probation without wardship. Appellant contends that he was denied due process by the court's amendment of the petition to conform to the proof, that the court erred in

denying his motion to dismiss (Welf. & Inst. Code, § 701.1), that the evidence was insufficient to support the finding, and that imposing restitution as a condition of probation was a denial of due process. We affirm.

The petition alleged that on February 10, 1982, appellant "did willfuly, unlawfully and maliciously injure or destroy real or personal property, to wit; cars, not his own, belonging to S. Wagner, thereby violating section 594 of the Penal Code of California, a misdemeanor."

The prosecution's evidence showed that on February 10, 1982, at about 6:10 p.m., Eleanor Wagner parked her 1966 Ford Mustang at Kentwig Bowling Lanes in Vallejo. When she returned to her car two hours later she found the windshield broken and footprints across the top of the hood. She saw three other cars with broken windshields and at least half a dozen cars with footprints over the backs and fronts. Wagner's car did not sustain any structural damage from the footprints.

Officer Cruz arrived at the scene at about 8:30 p.m. He observed the footprints and broken windshield on Wagner's car. He also observed about four or five other vehicles near Wagner's that had footprints on the hoods. The cars had dents in them that looked like "somebody had been jumping on top of the hoods and somebody had been kicking them." Cruz identified three victims in addition to Wagner.

In conducting an investigation into the incident, Juvenile Officer Stanley Lewis spoke with appellant. After waiving his *Miranda*[1] rights, appellant admitted running across several cars with other youths, but denied breaking any windshields. He identified two other participants. Lewis testified that others had been cited for the incident.

At the close of the prosecution case, defense counsel advised the court that he had no witnesses or evidence to submit. After colloquy with the court, defense counsel asked that the petition be dismissed. The court amended the petition to allege the destruction of "cars, not his own, belonging to S. Wagner *and others*" (italics added), and denied the motion to dismiss without prejudice to the minor proceeding with his case. The court

---

[1] *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

thereupon granted appellant's request to offer evidence on the issue of the condition of the other vehicles.

Recalled by the defense, Officer Cruz testified that he took a report on four vehicles, all parked adjacent to each other, that there were footprints on all the hoods, and that all the vehicles had dents. Some of the damaged vehicles had footprints where there were no dents. Appellant testified that he and 30 other youths participated in the incident. He walked on some hoods, but he did not break any windshields or jump on the hoods. Appellant first stated that he was unsure how many cars he went on, but later testified that he ran on only two cars. He denied denting any hoods, but acknowledged that he did not go back to see if he had caused any damage.

■ I. Relying on *In re Robert G.* (1982) 31 Cal.3d 437 [182 Cal.Rptr. 644, 644 P.2d 837] and related cases, appellant contends that he was denied due process by the court's amendment of the petition. The applicable due process principles were summarized in *Robert G.* as follows: " '[D]ue process requires that a minor, like an adult, have adequate notice of the charge so that he may intelligently prepare his defense. (*In re Gault* (1967) 387 U.S. 1, 33 . . . .)' (*In re Arthur N.* (1976) 16 Cal.3d 226, 233 [127 Cal.Rptr. 641, 545 P.2d 1345].) Compliance with this requirement has been held by the Supreme Court to mandate that the minor 'be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation.' (*In re Gault, supra,* 387 U.S. at p. 33.)" (*In re Robert G., supra,* 31 Cal.3d at p. 442.)

Pursuant to the foregoing principles, the court in *Robert G.* held that absent consent, a wardship petition cannot be amended to conform to proof so as to charge an offense that is neither specifically alleged nor necessarily included within an alleged offense. (31 Cal.3d at pp. 444-445.) The court rejected the argument that the application to juvenile courts of the liberal rules relating to variance and amendment of pleadings set forth in the Code of Civil Procedure (see Welf. & Inst. Code, § 678) should permit amendment to the petition to allege an unincluded and uncharged lesser offense, so long as the juvenile has not been misled to his prejudice in maintaining his defense (see Code Civ. Proc., §§ 469, 470). (31 Cal.3d at pp. 441-443.)

Here, unlike *Robert G.* and the other cases relied on by appellant, the petition was amended not to charge a new offense, but to change the factual allegations supportive of the offense charged. In effect, the amendment corrected the allegation that the damaged cars all belonged to S. Wagner. At

all times the minor was on notice as to the charges and allegations against which he would have to defend. These charges were, in essence, that he "wilfully, unlawfuly and maliciously injured or destroyed personal property, to wit: *cars, not his own*" (italics added). Whether the cars were all owned by S. Wagner, or by others as well, was immaterial to the minor's defense, so long as they were all owned by someone other than the minor. The identification or name of the individual owner was not material to the nature of the charge when, as here, the minor was permitted to examine the witness as to the extent of damage to the cars he was charged with having injured. Appellant failed to contend below, nor does he argue on appeal, that the amendment misled him to his prejudice, nor did he object to the amendment in the court below. The issue thus presented is whether the juvenile court has authority in appropriate cases to permit amendment of the wardship petition to correct or make more specific the factual allegations supportive of the offense charged so as to conform to proof, when such amendment does not alter the nature of the offense charged.

Neither party has cited, nor has independent research disclosed, any authority on point. We observe, however, that Penal Code section 1009, applicable to adult criminal proceedings, grants the court discretion to permit the amendment of the accusatory pleading "for any defect or insufficiency, at any stage of the proceedings" provided, insofar as here applicable, that the pleading cannot be amended to charge a new unincluded offense.[2] Under this section, the accusatory pleading can be amended to change the factual allegations supportive of the criminal offense charged, provided the defendant is granted such additional time to prepare as may in the premises be necessary. (See *People* v. *Murphy* (1963) 59 Cal.2d 818, 825, 827-828 [31 Cal.Rptr. 306, 382 P.2d 346].)

In juvenile cases the provisions of the Code of Civil Procedure, not the Penal Code, apply to amendment of the petition (Welf. & Inst. Code, § 678;

---

[2]Penal Code section 1009 provides in pertinent part: "The court in which an action is pending may order or permit an amendment of an indictment, accusation or information, or the filing of an amended complaint, for any defect or insufficiency, at any stage of the proceedings, . . . The defendant shall be required to plead to such amendment or amended pleading forthwith, or, at the time fixed for pleading, if he has not yet pleaded and the trial or other proceeding shall continue as if the pleading had been originally filed as amended, unless the substantial rights of the defendant would be prejudiced thereby, in which event a reasonable postponement, not longer than the ends of justice require, may be granted. An indictment or accusation cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination. A complaint cannot be amended to charge an offense not attempted to be charged by the original complaint, except that separate counts may be added which might properly have been joined in the original complaint. . . ."

Cal. Rules of Court, rule 1309(b)), so long as those provisions comport with due process (*In re Robert G., supra,* 31 Cal.3d at p. 443). In *Robert G.* and *In re Arthur N., supra,* 16 Cal.3d 226, the Supreme Court reconciled the liberal civil rules with the requirements of due process by limiting amendments of the offense charged to amendments charging a lesser offense either necessarily included in the offense charged or expressly pleaded in the charging allegations. (*In re Robert G., supra,* 31 Cal.3d at pp. 442-443; *In re Arthur N., supra,* 16 Cal.3d at p. 233.) But nothing in *Robert G.* or *Arthur N.* suggests that the court intended to impose limits on the amendment of wardship petitions beyond those imposed on amendment of the accusatory pleading in criminal cases. To the contrary, the court's manifest purpose in both cases was to extend to juveniles the same due process rights of notice and opportunity to defend as apply in criminal proceedings. (See *In re Robert G., supra,* 31 Cal.3d at p. 442; *In re Arthur N., supra,* 16 Cal.3d at pp. 233-234.)

With the limitations applicable to charging new offenses, the discretion of the court in criminal proceedings to permit amendments of the accusatory pleading "for any defect or insufficiency" (Pen. Code, § 1009) is broad, and absent a clear abuse of discretion, is almost invariably upheld. (See Witkin, Cal. Criminal Procedure, Proceedings Before Trial, § 210, p. 198.) ■ By analogy to the rule applicable to adult criminal proceedings, we conclude that the juvenile court has discretion to permit amendment of a juvenile court wardship petition to correct or make more specific the factual allegations supportive of the offense charged when the very nature of the charge remains unchanged. In the present case the court permitted the juvenile to respond to the factual issue of damages to the other cars raised by the amendment. In the absence of a showing of prejudice, amendment of the petition was not an abuse of discretion.

II. Appellant contends that the court erred in denying his motion to dismiss. (Welf. & Inst. Code, § 701.1.)[3] He maintains that at the close of the prosecution case there was no substantial evidence that he caused any of the damage to the cars or that he intended to aid and abet the actual perpetrators

---

[3]Welfare and Institutions Code section 701.1 provides: "At the hearing, the court, on motion of the minor or on its own motion, shall order that the petition be dismissed and that the minor be discharged from any detention or restriction therefore ordered, after the presentation of evidence on behalf of the petitioner has been closed, if the court, upon weighing the evidence then before it, finds that the minor is not a person described by Section 601 or 602. If such a motion at the close of evidence offered by the petitioner is not granted, the minor may offer evidence without first having reserved that right."

in the commission of the crime. (*People* v. *Yarber* (1979) 90 Cal.App.3d 895 [153 Cal.Rptr. 875].)

■ Welfare and Institutions Code section 701.1 is substantially similar to Penal Code section 1118.[4] We conclude, therefore, that in enacting section 701.1, the Legislature intended the rules and procedures applicable to section 1118 to apply with equal force to juvenile proceedings. (See Hall, 1 Cal. Juvenile Court Practice, Delinquent Minors [Cont.Ed.Bar Supp. 1982] § 7.16, p. 56.) Consequently, the standard for review of the juvenile court's denial of a motion to dismiss is whether there is substantial evidence to support the offense charged in the petition. (See *People* v. *Wong* (1973) 35 Cal.App.3d 812, 828 [111 Cal.Rptr. 314] [motion under Pen. Code, § 1118.1].) In applying the substantial evidence rule, we must "assume in favor of [the court's] order the existence of every fact from which the [court] could have reasonably deduced from the evidence whether the offense charged was committed and if it was perpetrated by the person or persons accused of the offense. [Citations.] Accordingly, we may not set aside the trial court's denial of the motion on the ground of the insufficiency of the evidence unless it clearly appears that upon no hypothesis whatsoever is there sufficient substantial evidence to support the conclusion reached by the court below." (*People* v. *Wong, supra,* 35 Cal.App.3d at p. 828; see *People* v. *Patino* (1979) 95 Cal.App.3d 11, 27 [156 Cal.Rptr. 815].)

■ As indicated, appellant's challenge to the sufficiency of the evidence relates to the question of whether he caused any damage to the cars or intended to aid and abet the persons who caused the damage. The evidence that four or five vehicles near Wagner's had footprints and dents on their hoods, together with appellant's admission that he, with others, had run across several cars, was sufficient circumstantial evidence to support the inference that appellant committed malicious mischief in violation of Penal Code section 594. We conclude, additionally, that the evidence was sufficient to permit the court to infer that appellant acted with knowledge of the intent of the other perpetrators to damage the cars, thus permitting the court, in the absence of evidence to the contrary, to infer that he intended to aid the perpetrators. (See *People* v. *Yarber, supra,* 90 Cal.App.3d at p. 916.) For this reason we need not address the issue argued by the parties

---

[4]Penal Code section 1118 provides: "In a case tried by the court without a jury, a jury having been waived, the court on motion of the defendant or on its own motion shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading after the evidence of the prosecution has been closed if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense or offenses. If such a motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right."

as to whether proof of intent to aid the perpetrator is necessary to impose liability as an aider and abettor.[5]

III., IV. . . . . . . . . . . . . . . . . . . . . . . . . .*

V. The order placing appellant on probation for six months without wardship is affirmed.

Caldecott, P. J., and Capaccioli, J.,† concurred.

---

[5]This issue is presently pending before the California Supreme Court: *People* v. *Beeman*‡ (Crim. 22525) hg. granted March 17, 1982; *People* v. *Caldwell*** (Crim. 22557) hg. granted April 8, 1982; *People* v. *Valenzuela* (Crim. 22648) hg. granted June 16, 1982.

*See footnote, *ante,* page 475.

†Assigned by the Chairperson of the Judicial Council.

---

‡Reporter's Note: For Supreme Court opinion see 35 Cal.3d 547 [199 Cal.Rptr. 60, 674 P.2d 1318].

**Reporter's Note: For Supreme Court opinion see 36 Cal.3d 210 [203 Cal.Rptr. 433, 681 P.2d 274].