[No. A041398. First Dist., Div. One. May 4, 1989.]

In re ANDRE G., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ANDRE G., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and III.

**COUNSEL**

Steven B. Solomon for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and John T. Murphy, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

RACANELLI, P. J.—A supplemental petition filed pursuant to Welfare and Institutions Code section 777[1] alleged that Andre G. committed misdemeanor auto burglary, a violation of Penal Code section 459.[2] The juvenile court found the allegations of the petition to be true and ordered the minor committed to Fouts Springs Boys Ranch for a maximum period of one year, two months. Andre G. appeals, arguing that the court utilized the wrong burden of proof standard in ruling on a motion to dismiss, that substantial evidence does not support the jurisdictional finding, and that there was no evidence that previous orders had been ineffective in his rehabilitation. We affirm.

### I. *Factual and Procedural Background\**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

### II. *Standard of Proof*

Appellant argues that the trial court utilized an improper standard of proof in ruling on the section 701.1 motion to dismiss.[4] This is based on the following colloquy between counsel and the court following counsel's argument of the motion:

"THE COURT: I will look at [the code section], let you go forward with your case at this time.

---

[1] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

[2] The petition also alleged, in the alternative, a violation of Penal Code section 496 (receiving stolen property), and that previous orders of the court had not been effective in appellant's rehabilitation.

\* See footnote, *ante,* page 62.

[4] Section 701.1 provides: "At the hearing, the court, on motion of the minor or on its own motion, shall order that the petition be dismissed and that the minor be discharged from any detention or restriction therefore ordered, after the presentation of evidence on behalf of the petitioner has been closed, if the court, upon weighing the evidence then before it, finds that the minor is not a person described by Section 601 or 602. If such a motion at the close of evidence offered by the petitioner is not granted, the minor may offer evidence without first having reserved that right."

The comparable section applicable to adult nonjury criminal trials is Penal Code section 1118, which provides: "In a case tried by the court without a jury, a jury having been waived, the court on motion of the defendant or on its own motion shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading after the evidence of the prosecution has been closed if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense or offenses. If such a motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right."

"Ms. Markoff: You are not going to rule?

"The Court: Not going to rule on it at this time. I haven't seen the case.

"Ms. Markoff: What do you mean? When you rule on the 1118, you will also take into consideration whether the District Attorney has met her burden or not? I don't have to put on a Defense for you to reach that conclusion.

"The Court: All right.

"Ms. Markoff: I am saying she has not met her burden of proof, that the petition should be—

"The Court: I understand that. It's like a nonsuit in a civil case.

"At this point I'm going to deny the Motion. I will let you go forward."

Appellant argues that this exchange evidences the trial court's application of the civil burden of proof to the motion to dismiss. We disagree. Counsel's previous argument of the motion clearly apprised the court that the thrust of the motion was that the petitioner had failed to prove each element of the case *beyond a reasonable doubt*. This has been the appropriate standard since 1970. (*In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068]; § 701.) The appropriate burden of proof was never an issue during appellant's trial. We follow the general rule that presumes a trial court has applied the proper standard where there is no articulation of the standard used. (*In re Katrina C.* (1988) 201 Cal.App.3d 540, 547 [247 Cal.Rptr. 784].)

We interpret the court's comment regarding a nonsuit, as a reference to the procedure by which evidence may be weighed and judgment entered following completion of the evidence of one party in nonjury civil cases. (Code Civ. Proc., § 631.8.) We do not presume that the court, by referencing a similar civil motion, was employing an incorrect standard of proof. We conclude that the court was merely responding to counsel's explanation of the nature of her motion and the necessity of a ruling prior to presentation of the defense.

■ We also reject respondent's argument that the test to be applied by the trial court in ruling on a section 701.1 motion is the same as an appellate court's substantial evidence standard. A section 701.1 motion is properly *reviewed* under the substantial evidence standard. (*In re Man J.* (1983) 149 Cal.App.3d 475, 482 [197 Cal.Rptr. 20].) Section 701.1 is, however, "sub-

stantially similar to Penal Code section 1118." (*In re Man J., supra,* at p. 482.) The Legislature clearly intended section 701.1 to be analogous to Penal Code section 1118. (See Legis. Counsel's Dig., Assem. Bill No. 3298, 4 Stats. 1980 (Reg. Sess.) Summary Dig., p. 72.) Thus, "the rules and procedures applicable to section 1118 . . . apply with equal force to juvenile proceedings." (*In re Man J., supra,* at p. 482.)

In an adult criminal nonjury trial, Penal Code section 1118 requires the trial court to weigh the evidence, evaluate the credibility of witnesses, and determine that the case against the defendant is "proved beyond a reasonable doubt before [the defendant] is required to put on a defense." (*People v. Partner* (1986) 180 Cal.App.3d 178, 183 [225 Cal.Rptr. 502].) ■ ■ ■ ■ This is clearly the standard for the juvenile court as well. (*In re Man J., supra,* 149 Cal.App.3d at p. 482.)[5] ■ ■ Thus, although we agree with appellant that the correct standard of proof in the trial court is beyond a reasonable doubt, the record on appeal does not show that an incorrect standard was employed.

### III. *Sufficiency of the Evidence**

. . . . . . . . . . . . . . . . . . . .

### IV. *Disposition*

The jurisdictional and dispositional orders are affirmed.

Newsom, J., and Holmdahl, J., concurred.

A petition for a rehearing was denied June 2, 1989.

---

[5] It appears that respondent has confused the trial court's standard of proof for a nonjury Penal Code section 1118 motion with that for a Penal Code section Penal Code 1118.1 motion for acquittal in a jury case. (*Veitch* v. *Superior Court* (1979) 89 Cal.App.3d 722, 727 [152 Cal.Rptr. 822], cited by respondent, is a Penal Code section 1118.1 jury trial case.) Unlike a motion in a nonjury case, a Penal Code section 1118.1 motion may be granted only where the evidence is insufficient to sustain a conviction on appeal. (*People* v. *Partner, supra,* 180 Cal.App.3d 178, 183.) The identical *standard of review* is, however, used for section 701.1 motions as well as for Penal Code sections 1118 and 1118.1 motions. (*In re Man J., supra,* 149 Cal.App.3d 475, 482.)

*See footnote, *ante,* page 62.