Filed 12/16/13  In re Eduardo C. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re EDUARDO C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D062740 |
| Plaintiff and Respondent, | (Super. Ct. No. J231024) |
| v. | |
| EDUARDO C., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Esther K. Hong for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Charles C. Ragland and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

The juvenile court found Eduardo C. carried a concealed dirk or dagger in violation of Penal Code section 21310 (subsequent section references are to this code unless otherwise noted), continued him as a ward of the court, placed him on home supervision as directed by the probation officer, and imposed fines. Eduardo appeals, contending section 21310 is unconstitutionally vague as applied to him because a prior dismissal of a petition charging a similar violation shows the statute does not provide adequate notice of what conduct is forbidden or sufficient guidelines to prevent arbitrary and discriminatory enforcement. Eduardo also contends the evidence was insufficient to establish he had the knowledge required for a violation of section 21310. We affirm.

I.

BACKGROUND

A police officer spotted Eduardo and two known criminal street gang members in an alley holding open beer containers. The officer conducted a field interview of Eduardo, learned he was a minor on probation, and arrested him.

During a search incident to arrest, the officer located a "typical screwdriver" in Eduardo's front pants pocket. The screwdriver was approximately seven and three-quarter inches long and had a flat metal head that was not sharpened or otherwise altered. The metal end of the screwdriver was pointed downward, and it "slid right out" of Eduardo's pocket when the officer removed it.

At the adjudication hearing, a gang expert testified that gang members carry screwdrivers "for protection." He further testified that older gang members tell younger ones to carry screwdrivers for use as weapons.

2

Approximately two months before the arrest for the current offense, Eduardo had been arrested for possession of a concealed dirk or dagger. On that occasion, Eduardo was traveling in a car with two known gang members when he was found to have in his pocket an unaltered screwdriver between six to eight inches long. Based on this incident, a petition alleging a violation of section 21310 was filed, but the juvenile court dismissed it.[1]

## II.

## DISCUSSION

Eduardo contends his conviction for violating section 21310 violates his right to due process of law. (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7.) Based on the dismissal of the prior petition alleging he violated section 21310 by carrying a screwdriver in his pocket, Eduardo argues (1) the statute is unconstitutionally vague as applied to him because it provides neither adequate notice that carrying a screwdriver in a pocket is forbidden nor sufficient guidelines to prevent arbitrary and discriminatory prosecution for such conduct; and (2) there was insufficient evidence he knew the screwdriver could be used as a stabbing weapon.[2] As we discuss below, these contentions have no merit.

-------

[1] We grant Eduardo's request for judicial notice of the dismissal order filed in the prior case. (Evid. Code, § 452, subd. (d); *R.S. v. Superior Court* (2009) 172 Cal.App.4th 1049, 1052, fn. 2.)

[2] The People interpreted some of Eduardo's arguments as making a facial vagueness challenge to section 21310 and as asserting a "defense" of ignorance of the law. Although portions of Eduardo's opening brief suggest such arguments, Eduardo clarified

A.    *Section 21310 Is Not Unconstitutionally Vague as Applied to Eduardo*

As a threshold matter, we note that Eduardo failed to raise his vagueness challenge in the juvenile court.  Ordinarily, issues not raised in the trial court are forfeited and may not be raised for the first time on appeal.  (E.g., *People v. Valdez* (2012) 55 Cal.4th 82, 142; *People v. Lucas* (1995) 12 Cal.4th 415, 477.)  "Nevertheless, we will consider the issue on the merits for [two] reasons.  First, the issue is . . . one of law presented by undisputed facts in the record before us . . . .  [Citations.]  We also confront the issue to avert any claim of inadequate assistance of counsel."  (*People v. Yarbrough* (2008) 169 Cal.App.4th 303, 310; see *People v. Mitchell* (2012) 209 Cal.App.4th 1364, 1370 [court addressed claim first raised on appeal that presented question of law on undisputed acts]; *People v. Williams* (2009) 170 Cal.App.4th 587, 621 [court addressed merits of forfeited claim to forestall ineffective assistance of counsel claim].)

Turning to the merits of Eduardo's vagueness challenge, we begin with some general principles governing such challenges.  "'The constitutional interest implicated in questions of statutory vagueness is that no person be deprived of "life, liberty, or property without due process of law," as assured by both the federal Constitution [citation] and the California Constitution [citation].  Under both Constitutions, due process of law in this context requires two elements:  a criminal statute must "'be definite enough to provide (1) a standard of conduct for those whose activities are proscribed and (2) a standard for

---

in his reply brief that he "is presenting a claim that section 21310 is vague *as applied* to him," not that it is vague on its face, and that he "did not present a defense that he was ignorant of the law."  We accept these clarifications and address Eduardo's claims as so clarified.

4

police enforcement and for ascertainment of guilt.'"'" (*People v. Morgan* (2007) 42 Cal.4th 593, 605.) Unlike a facial challenge, where the defendant must show the statute is impermissibly vague in all of its applications (*id.* at p. 606), a defendant making an as applied challenge must show the statute is impermissibly vague as it was enforced against him in light of the facts and circumstances of his particular case (*U.S. v. Powell* (1975) 423 U.S. 87, 92; *People v. Nguyen* (2013) 212 Cal.App.4th 1311, 1326).

Eduardo complains section 21310 is unconstitutionally vague as applied to him because he was not given adequate notice that carrying a concealed screwdriver constituted a violation of the statute. Specifically, he contends (1) sections 21310 (which prohibits carrying a concealed dirk or dagger) and 16470 (which defines dirk or dagger) "do not expressly state that a screwdriver is a 'dirk or dagger'"; and (2) less than two months before his arrest for the current offense, he "had learned from the juvenile court that it was not a crime to carry a concealed screwdriver." These contentions have no merit.

To avoid being unconstitutionally vague, section 21310 did not have to state expressly that carrying a concealed screwdriver was prohibited. Due process requires only that statutory language be reasonably specific or certain, i.e., that the language provide a person of ordinary intelligence sufficiently definite warning of what conduct is prohibited. (*U.S. v. Petrillo* (1947) 332 U.S. 1, 8; *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117; *In re M.S.* (1995) 10 Cal.4th 698, 717.) As pertinent here, section 21310 subjects to imprisonment "any person in this state who carries concealed upon the person any dirk or dagger." For purposes of section 21310, "'dirk' or 'dagger'

5

means a knife *or other instrument* with or without a handguard that is *capable of ready use as a stabbing weapon* that may inflict great bodily injury or death." (§ 16470, italics added.) Although this language does not explicitly prohibit carrying a concealed screwdriver, it provided Eduardo adequate notice his conduct was prohibited under the circumstances of this case. A person of average intelligence would know that a screwdriver is "capable of ready use as a stabbing weapon," because its handle could be grasped and the sturdy metal tip plunged into someone's flesh. (*Ibid.*) A person of average intelligence in the company of gang members who carry screwdrivers as weapons for protection and advise their associates to do so would also know that by carrying a screwdriver in a pocket from which it could be quickly removed, he was "carr[ying] concealed upon the person any dirk or dagger." (§ 21310.) "In other words, as to [Eduardo] the statute is not vague, and that is all the due process to which he is entitled." (*People v. Ballard* (1988) 203 Cal.App.3d 311, 317.)

We are not persuaded by Eduardo's related argument that he was given inadequate notice that his conduct was unlawful because the juvenile court's dismissal of the prior petition alleging similar conduct "provided notice to [him] that carrying a concealed, unaltered screwdriver was not prohibited under section 21310." The order dismissing the prior petition states it was based on the granting of a motion made under Welfare and Institutions Code section 701.1, which allows the juvenile court to dismiss a petition after the close of the People's case if the evidence is insufficient to sustain the allegations. (*In re Anthony J.* (2004) 117 Cal.App.4th 718, 727-728; *In re Andre G.* (1989) 210 Cal.App.3d 62, 65-66.) Thus, all we can infer from the dismissal order is that the court

6

held the evidence the People introduced at the prior adjudication hearing did not establish a violation of section 21310. Such a conclusion, made on a specific evidentiary showing, did not constitute notice to Eduardo that carrying a concealed screwdriver can *never* be a crime. We thus reject Eduardo's claim he received inadequate notice his conduct violated section 21310.

As an alternative to his inadequate notice argument, Eduardo complains section 21310 is unconstitutionally vague as applied to him because "two judges made opposite findings on the same set of material facts." Eduardo asserts this inconsistency proves that "section 21310 'impermissibly delegate[d] basic policy matters to . . . judges . . . for resolution on an *ad hoc* and subjective basis,' and in an 'arbitrary and discriminatory' manner." (Quoting *Grayned v. City of Rockford* (1972) 408 U.S. 104, 108-109.) We disagree, for three reasons.

First, Eduardo has not established the factual predicate for this argument because he has not shown the same evidence was introduced at the two adjudication hearings. He has not supplied us with a transcript of the prior adjudication hearing, and the dismissal order of which he asks us to take judicial notice contains no information about what specific evidence the court concluded was insufficient to establish a violation of section 21310. Second, the possibility that different courts or juries considering the same or similar facts might reach different conclusions on whether a defendant violated a statute does not render the statute unconstitutionally vague. (*Smith v. U.S.* (1977) 431 U.S. 291, 309; *Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 536.) Third and finally, our Supreme Court rejected a similar vagueness challenge to former

7

section 12020, subdivision (a), the substantively identical predecessor of section 21310 (see Stats. 2010, ch. 711, § 6), in *People v. Rubalcava* (2000) 23 Cal.4th 322.  The Supreme Court noted that "the statute may invite arbitrary and discriminatory enforcement *not* due to any vagueness in the statutory language but due to the wide range of otherwise innocent conduct it proscribes."  (*Id.* at p. 333.)  It nevertheless held "'[t]he role of the judiciary is not to rewrite legislation to satisfy the court's, rather than the Legislature's, sense of balance and order,'" and "le[ft] it to the Legislature to reconsider the wisdom of its statutory enactments."  (*Ibid.*)  We, of course, are bound by *Rubalcava*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

C.      *The Evidence Was Sufficient to Establish That Eduardo Knew the Screwdriver Carried in His Pocket Could Be Used as a Stabbing Weapon*

Eduardo also argues the juvenile court's finding that he violated section 21310 deprived him of his 14th Amendment right to due process of law because the evidence was insufficient to support the finding.  Specifically, Eduardo contends that based on the dismissal of the prior petition alleging a violation of section 21310, he "learned that carrying a concealed and unaltered screwdriver in similar circumstances was *not* equivalent to carrying a concealed dirk or dagger.  Therefore, there is insufficient evidence that [Eduardo] possessed the requisite knowledge that a screwdriver could be used as a stabbing weapon under the eyes of the law."  We disagree.

Where, as here, a defendant complains his federal due process rights were violated because a criminal conviction is not supported by sufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the

8

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  [Citation.]  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 (*Jackson*).)

Here, the evidence was sufficient to find that Eduardo knew the screwdriver carried in his pocket was "capable of ready use as a stabbing weapon."  (§ 16470.)  A screwdriver is a common household tool, and it is obvious from its configuration that it can be used to puncture or lacerate flesh.  Eduardo's suggestion he "learned" a screwdriver could not be so used when the juvenile court dismissed the petition based on his prior alleged violation of section 21310 has no support in the record.  As we have explained, the dismissal order indicates only that the evidence introduced at the prior adjudication hearing was insufficient to establish Eduardo violated section 21310; the order did *not* advise Eduardo that carrying a concealed screwdriver could *never* constitute a violation.  In fact, evidence indicated Eduardo received specific instruction during his prior arrest that carrying a screwdriver in his pocket was illegal:  The arresting officer for the prior offense testified at the current adjudication hearing that he "described how [Eduardo] violated [the] law and what he was being arrested for."  Further, where an object is not a weapon per se and has innocent uses, circumstantial evidence the

9

defendant would use the object as a weapon may establish the knowledge required for a conviction under section 21310. (*People v. Davis* (2013) 214 Cal.App.4th 1322, 1327.) When Eduardo was arrested for carrying the screwdriver in his pocket, he was in the company of known gang members, and the gang expert testified gang members carry screwdrivers as weapons to protect themselves and tell others to do so. (Cf. *In re Quintus W.* (1981) 120 Cal.App.3d 640, 645 [defendant's statement, " 'Hey, man, that's my knife. I carry it for protection. There are some dudes trying to jack me up[,]' " showed guilty knowledge]; *In re Robert L.* (1980) 112 Cal.App.3d 401, 405 [statement defendant concealed ice pick in waistband "for protection" showed guilty knowledge].) Thus, "after viewing the evidence in the light most favorable to the prosecution," we conclude there was no due process violation because the juvenile court reasonably "could have found the essential elements of the crime beyond a reasonable doubt." (*Jackson*, *supra*, 443 U.S. at p. 319.)

DISPOSITION

The order is affirmed.

IRION, J.

WE CONCUR:

BENKE, Acting P. J.

O'ROURKE, J.

10