Filed 5/9/14  In re L.F. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re L.F., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>L.F.,<br><br>        Defendant and Appellant. | E058686<br><br>(Super.Ct.No. J248652)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Brian Saunders, Judge.  Affirmed with directions.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

The juvenile court found true an allegation minor committed assault with a deadly

1

weapon (count 1; Pen. Code, § 245, subd. (a)(1)) and placed minor on probation in the custody of his mother.[1] On appeal, minor contends insufficient evidence supported his conviction as minor's present ability to commit assault at the time of the offense and whether, in the context of the assault, the knife constituted a deadly weapon. Minor additionally maintains the matter must be remanded for a determination by the juvenile court as to whether the wobbler offense is a felony or misdemeanor. We remand the matter for such a declaration by the juvenile court. In all other respects, the judgment is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 26, 2013, the victim was walking home late at night listening to music with his headphones on. He heard kids yelling, so he took off his headphones. The victim saw three juveniles, one of whom was minor, sitting on the front porch of a house yelling at him; one of them said "bitch." The victim asked if they were talking to him.

Minor became angered, went into the house, and came out with a pocket knife. Minor came toward the victim, stated a gang name, and threatened to hurt the victim. The victim told minor he did not want to get into a confrontation with minor.

Minor held up the knife. The victim was far enough away from minor that minor could not immediately stab him. Minor held the knife in his right hand in a stance ready to strike at the victim. Minor then jabbed the knife at the victim five or six times.

The victim distanced himself from minor, backing up and putting up his hands

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

defensively because he did not want to get hurt. He took off his backpack so that he could defend himself more easily. The victim was afraid he would be injured by the knife.

The two other individuals with whom minor was associated came forward. The victim decided his safest option at that point would be to leave. An adult came outside and told them to break it up. The victim spoke to the police later that night. He identified minor as the individual with the knife. The victim described the knife as a regular pocket knife with a blue handle and three-inch blade which folded into its base.

The People rested its case-in-chief. Minor's counsel moved for dismissal of the charges pursuant to Welfare and Institutions Code section 701. Minor's counsel argued the victim "was far enough away from my client so that even if he had attempted to strike him, he would have not hit him in any possible way . . . ." He contended minor had "no present ability to apply force."

The juvenile court found "that based upon the evidence received, there is sufficient evidence to find beyond a reasonable doubt that assault with a deadly weapon did take place. I do believe he had the present ability, the fact that he did not choose to go forward with his knife or if it was the act of [the victim] in retreating . . . . He did say he felt threatened . . . ." "[I]t seems to me five or so . . . jabs, would indicate a willingness and indeed an ability to inflict or to use that deadly weapon." The juvenile court denied the motion.

Minor and his brother testified they were sitting on their porch with their cousin on March 27, 2013, after midnight. Minor called his brother and cousin a "bitch." The

3

victim, who was walking in front of their home at the time, asked "[w]ho called me a bitch?" Minor replied that no one had.

Minor and his brother ran out into the street toward the victim. The victim started backing away. The victim took off his backpack and prepared to fight with minor. Minor testified the victim said he was going to get a gun.

Minor testified "that is when I pulled – that is when I told him I had a knife." Minor testified he did not actually have a knife. He threatened the victim he had a knife to scare the victim off their property. Minor's brother testified he never saw minor with a knife, but did hear a click coming from minor which was consistent with the sound of a gun or knife. An adult came out and told minor to get in the house.

Minor's mother testified the victim had come to her house on a number of occasions and called her sons names. A San Bernardino Police officer who responded to a service call in response to the incident testified he spoke with minor's brother who told him minor went inside the house and came out with a knife in his right hand.

DISCUSSION

A. Sufficiency of the Evidence.

Minor contends that at the end of the People's case, insufficient evidence supported the requisite elements that minor had the present ability to commit an assault with a deadly weapon such that the juvenile court should have granted his Welfare and Institutions Code section 701 motion. We disagree.

"A section 701.1 motion is properly *reviewed* under the substantial evidence standard. [Citation.] Section 701.1 is, however, 'substantially similar to Penal Code

4

section 1118.'  [Citation.]  The Legislature clearly intended section 701.1 to be analogous to section 1118.  [Citation.]  Thus, 'the rules and procedures applicable to section 1118 . . . apply with equal force to juvenile proceedings.'  [Citation.]"  (*In re Andre G.* (1989) 210 Cal.App.3d 62, 65-66.)

"'"'The standard applied by a trial court in ruling upon a motion for judgment of acquittal pursuant to section 1118.1 is the same as the standard applied by an appellate court in reviewing the sufficiency of the evidence to support a conviction, that is, 'whether from the evidence, including all reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged.'"  [Citation.]  "The purpose of a motion under section 1118.1 is to weed out as soon as possible those few instances in which the prosecution fails to make even a prima facie case."  [Citations.]  The question "is simply whether the prosecution has presented sufficient evidence to present the matter to the jury for its determination."  [Citation.]  The sufficiency of the evidence is tested at the point the motion is made.  [Citations.]  The question is one of law, subject to independent review.'  [Citation.]"  (*People v. Maciel* (2013) 57 Cal.4th 482, 522.)

"'[W]e review the whole record to determine whether any rational trier of fact could have found the essential elements of the crime . . . beyond a reasonable doubt. [Citation.]  The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citation.]  In applying this test, we review the evidence in the light most favorable to the prosecution and

5

presume in support of the judgment the existence of every fact the [trier of fact] could reasonably have deduced from the evidence. [Citation.] "Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge . . . to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]" [Citation.] A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support'" the [judge's] verdict. [Citation.]' [Citation.]" (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

"Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment." (§ 245, subd. (a)(1).)

"Concerning the mental state for assault, the California Supreme Court has long held that to establish the crime of assault, the prosecution need not prove the defendant specifically intended to cause injury. Rather, the defendant need only have 'the general intent to willfully commit an act the direct, natural and probable consequences of which[,] if successfully completed[,] would be the injury to another.' [Citation.] 'The mens rea [for assault] is established upon proof the defendant willfully committed an act that by its nature will probably and directly result in injury to another . . . .' [Citation.]"

6

(*People v. Miller* (2008) 164 Cal.App.4th 653, 662.) "'[M]ere recklessness' or 'criminal negligence' is not sufficient to establish the crime. [Citation.] Instead, 'a defendant guilty of assault must be aware of the facts that would lead a reasonable person to realize that a battery would directly, naturally and probably result from his conduct. He may not be convicted based on facts he did not know but should have known.' [Citation.]" (*Ibid.*) "When discussing the intent requirement, we have characterized assault as 'unlawful conduct immediately antecedent to battery.' [Citations.]" (*People v. Chance* (2008) 44 Cal.4th 1164, 1167.)

Substantial evidence supported the juvenile court's finding that minor's deeds constituted a willful act of which the direct and natural consequences, if completed, would have been great bodily injury to another. Minor retrieved a knife with a three-inch blade, came out of his house, crossed the porch, yelled a gang name, and came toward the victim. Minor held up the knife in a stance ready to strike at the victim. Minor jabbed the knife toward the victim five or six times. The victim felt compelled to remove his backpack and distance himself because he was afraid he would otherwise be injured by the knife. This is sufficient evidence from which the juvenile court determined minor had the present ability to inflict injury with the knife. Likewise, we find that the knife, as used in this context, constituted a deadly weapon. Thus, the court properly denied minor's motion to dismiss.

B. Failure to Declare Whether Offense was a Felony or Misdemeanor.

Minor contends we must remand the matter to permit the juvenile court to exercise its discretion in declaring whether the wobbler offense of assault with a deadly weapon

was a felony or misdemeanor. We agree.

"If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." (Welf. & Inst. Code, § 702.) "[R]emand [is] required where the juvenile court ha[s] failed to make an express declaration as to whether the offense was a felony or a misdemeanor." (*In re Cesar V.* (2011) 192 Cal.App.4th 989, 1000; *In re Manzy W.* (1997) 14 Cal.4th 1199, 1204 [Facts that petition specified offense as felony, minutes reflected minor sentenced for felony, and court determined maximum period of confinement as if offense was a felony insufficient to support determination the juvenile court executed its mandatory declaratory duty.].)

"[T]he purpose of the statute is not solely administrative. . . . [T]he requirement that the juvenile court declare whether a so-called 'wobbler' offense [is] a misdemeanor or felony also serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its discretion . . . ." (*In re Manzy W., supra,* 14 Cal.4th at p. 1207.) "The language of the provision is unambiguous. It requires an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an adult. [Citation.]" (*Id.* at p. 1204.)

"[T]he record in a given case may show that the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler. In such case, when remand would be merely redundant, failure to comply with the statute would amount to harmless error. . . . The key issue is whether the record as a whole establishes that the juvenile court was aware of

8

its discretion to treat the offense as a misdemeanor . . . ." (*In re Manzy W., supra,* 14 Cal.4th at p. 1209.)

Here, although in the petition the People made a felony allegation, nothing in the petition indicated the offense was a wobbler. Likewise, nothing in the probation report indicated the offense was anything but a felony. At the dispositional hearing, the court declared, "I suggest you [behave] because you already have a felony. It's a short jump to placement or a lot longer detention." The People contend this statement indicates the juvenile court's awareness and exercise of its discretion in declaring the offense a felony. We disagree. The statement does not reflect on whether the court was aware of the fact the offense was a wobbler and that it had discretion to reduce it to a misdemeanor. Further, there is no evidence in the record the court exercised its discretion. We shall remand the matter for an appropriate declaration.

### DISPOSITION

The matter is remanded to the juvenile court for the court to exercise its discretion to declare the offense to be either a felony or a misdemeanor. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RICHLI
Acting P. J.


MILLER
J.

9