Filed 10/16/15  In re Diego R. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re DIEGO R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D067075 |
| Plaintiff and Respondent, | (Super. Ct. No. J231551) |
| v. | |
| DIEGO R., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Louis R. Hanoian and Browder A. Willis III, Judges.  Affirmed.

Laura R. Sheppard, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

In August 2014, a petition was filed with the juvenile court under Welfare and Institutions Code section 602, alleging that Diego R. (the Minor) had committed robbery (Pen. Code,[1] § 211) and grand theft from a person (§ 487, subd. (c)). It was further alleged that the Minor committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)).

After a trial the court made true findings on all of the allegations, finding that the Minor was an aider and abettor. The Minor was committed to the short term offender program for three weeks in juvenile hall.

The Minor appeals contending the evidence is insufficient to support the true findings and that the court should have dismissed the case at the conclusion of the prosecution's case. Applying the proper standard of review we will find there is sufficient substantial evidence to support the true findings and that there was sufficient evidence at the close of the prosecution's case to support the denial of the motion to dismiss.

STATEMENT OF FACTS

Late in the evening of August 15, 2014, the Minor and a member of the Diablos street gang, Lance Parks, were walking on Fig Street in Escondido. They observed four men, who appeared to be Diablos gang members arguing with two other men, Raphael M. (Raphael), and Russell May. The Minor and Parks joined the group and the six of them surrounded Raphael and May.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

During the encounter with the six men surrounding Raphael and May, the Minor joined in the group "rapping" the Diablos chant and the Minor made the gang sign (the small case letter d) with his hands.

The encounter with the gang members lasted somewhere around 30-45 seconds according to May. During that time the group surrounded May and Raphael who were afraid they would get "jumped" or that the gang members may have weapons. At the end of the encounter one of the group, described as a man with a goatee, grabbed May's hat off of his head and said, "This hat is mine now, homie." The robber and the rest of the group, including the Minor and Parks, ran away together.

After the robbery Raphael and May went to a nearby 7-Eleven. About 10 to 20 minutes after the encounter, Raphael and May saw the Minor and Parks walking their way. Raphael called police and Parks and the Minor were arrested. Parks and the Minor were identified by the victims at a curbside lineup.

A gang detective testified the area where the robbery took place was Diablos territory. The detective testified that one of the primary activities of the gang was robbery, either street robberies or armed robberies.

## Defense

The Minor testified he was 16 at the time of the events. He had been detained by police earlier in the evening. He was worried about being out after curfew. He encountered his friend Parks, who was 21. He asked Parks to escort him home so he would not have a curfew problem.

While walking home they saw a group of four men arguing with two other men. They approached the group because Parks wanted to ask for a cigarette. The Minor denied knowing anyone in the group. He did not do anything except stand there. He felt he had to stay as long as Parks did to avoid a curfew problem. He denied any membership in the Diablos gang and denied knowing anyone who was a member. The Minor denied knowing that Parks was a member of the Diablos.

At the close of the evidence and argument the juvenile court made the following findings:

> "I am also satisfied beyond a reasonable doubt that this is a gang crime. There has to be, basically, a finding that the Diablos are a criminal street gang under California law, and I'm satisfied that that has been proven beyond a reasonable doubt, that the Diablos were a criminal street gang, and that this particular crime was -- was done to -- was done at -- for the benefit of, at the direction of or in association with a criminal street gang with the specific intent to promote, further assist in criminal conduct by gang members, within the meaning of Penal Code section 186.22(b)(1). I find that beyond a reasonable doubt both for count 1 and for count 2.
>
> "The real issue in this case is whether or not this young man Diego, Diego Rodriguez, is to be found a ward of the court and a true finding being made as to his participation as either -- well, he's not the perpetrator. He's an aider and abettor, if he's anything, in connection with this case.
>
> "And based upon the testimony of both Russell and Ralph that Diego was both announcing Diablos gang and flashing the gang sign, the small "d," while this crime was taking place -- whether he was a member of the gang or not, he was encouraging both the conduct of the taking of the -- of the hat and, therefore, as an aider and abettor, he is responsible for the robbery, Penal Code section 211. I make a true finding as to count 1.
>
> "I make a true finding as to count 2, that he was aiding and abetting the taking of a hat as a theft from the person, Penal Code section

4

487(c), and inasmuch as it was being done at a time when he was flashing and claiming gang association or gang affiliation, that it was done for the benefit of the criminal street gang, pursuant to Penal Code section 186.22(b)(1) as to counts 1 and 2, and I make a true finding as to all -- all allegations in the petition."

## DISCUSSION

The Minor makes two arguments that are basically the same, but are directed to two different procedural points. First he contends there was not sufficient evidence to support the finding that he aided and abetted the robbery. The Minor concedes there was a robbery. He disputes the sufficiency of the evidence to show he aided and abetted that crime. Separately, the Minor contends the court should have dismissed the case at the conclusion of the prosecution's case for insufficient evidence.[2] We disagree on both arguments and will affirm the trial court's finding.

### A. Legal Principles

When we review a challenge to the sufficiency of the evidence we apply the familiar substantial evidence standard of review. Under that standard we review the entire record, drawing all reasonable inferences in favor of the trial court's decision. We do not reweigh the evidence or make credibility decisions. Our task is to determine whether there is sufficient substantial evidence from which the trial court could find the elements of the offense had been proved beyond a reasonable doubt. (*People v. Johnson*

---

[2]    The Minor does not seriously challenge the sufficiency of the evidence to support the true finding on the gang enhancement, given the evidence clearly shows the Minor joining the group "Diablos" chanting and flashing gang signs. There is abundant evidence to support the finding of a robbery committed for the benefit of a street gang. The only real issue is whether the evidence shows the Minor aided or abetted the commission of the robbery.

(1980) 26 Cal.3d 557, 578; *People v. Sanchez* (1995) 12 Cal.4th 1, 32.)  We apply the same standard where the prosecution's case is based on circumstantial evidence.  (*People v. Stanley* (1995) 10 Cal.4th 764, 792.)

In order to prove a person has aided and abetted a crime the prosecution must show the person "act[ed] with knowledge of the criminal purpose of the perpetrator and with the intent or purpose either of committing, or of encouraging or facilitating commission of, the offense."  (*People v. Beeman* (1984) 35 Cal.3d 547, 560; italics omitted.)  The prosecution does not have to show the person had advance knowledge of the perpetrator's purpose.  Knowledge and intent to assist can be acquired as the action is unfolding.  (*People v. Swanson-Birabent* (2003) 114 Cal.App.4th 733, 742; *People v. Mitchell* (1986) 183 Cal.App.3d 325, 330.)

## B.  Analysis

Dealing first with the claim of insufficiency of the evidence.  The Minor agrees there was a robbery and the evidence could show he aided the "harassment of the victims."  He argues there is no evidence he had knowledge of, or aided the robbery.  We disagree.  It is certainly clear the evidence showed that the Minor and Parks joined the gang members in surrounding, and thereby intimidating the victims.  The Minor's participation in the gang chant and throwing gang signs shows his intent to aid the gang.  He participated in blocking the victims' movements leading up to the taking of the hat by one of the group.  The question remains whether the evidence supports a finding he aided the robbery.

6

Although the Minor claimed he knew nothing about the gang, the facts show the group the Minor joined were apparently all gang members. His friend was a gang member, and the Minor demonstrated knowledge of and support for the gang by way of his acts and statements. The gang detective's testimony indicated an important activity of the gang was robbery, either street robbery or armed robbery. The Minor's conduct supports an inference he was supporting the gang's efforts.

Last, the Minor and Parks all ran away with the person who took the hat and thus participated in the asportation of the hat, completing the robbery. (*People v. Campbell* (1994) 25 Cal.App.4th 402, 409-410.)

Finally, we turn to the contention that the court should have granted the motion to dismiss the petition under Welfare and Institutions Code section 701.1. The standard for reviewing the denial of such motion is the same as cases where the court reviews a claim of insufficiency of the evidence to support a true finding, i.e., the substantial evidence standard of review. (*In re Man J.* (1983) 149 Cal.App.3d 475, 482.)

As we have already discussed the evidence supports a finding of knowledge and support for the actions of the gang members. Although the motion to dismiss took place before the Minor presented his defense, the prosecution's case was essentially the same. All the Minor's testimony added to the evidence was his denial of all knowledge of gang membership and activities as well as a denial of any of the actions testified to by the victims. Plainly the evidence we have already found sufficient to support the true findings existed before the defense case. Thus our analysis of the evidence leads us to conclude the juvenile court properly denied the motion to dismiss.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


McDONALD, J.


AARON, J.