Filed 4/14/14  In re Michelle R. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re MICHELLE R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D064308 |
| Plaintiff and Respondent, | (Super. Ct. No. J232574) |
| v. | |
| MICHELLE R., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Browder

A. Willis, Judge.  Affirmed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Ronald A.

Jakob, Deputy Attorneys General, for Plaintiff and Respondent.

The juvenile court found 16-year-old Michelle R. committed one count of simple battery on a 10-year-old girl. (Pen. Code, § 242.) Based on this finding, the court declared Michelle a ward of the court and placed her on supervised probation. Michelle contends the court erred when it rejected her arguments that the prosecution did not meet its burden of proof to negate her self-defense theory. Specifically, she contends the court erred in denying her motion to dismiss (Welf. & Inst. Code, § 701.1 (§ 701.1)) and in making a true finding on the battery count. We reject Michelle's contentions and affirm.

SUMMARY OF RELEVANT FACTS AND PROCEDURE

The court's battery finding was based on events that arose during a verbal confrontation between Michelle and a woman (Rene), who has three daughters: 21-year-old Annamaria, 15-year-old AR, and 10-year-old AL. Earlier in the evening, Michelle and her boyfriend had an argument with Rene's two older daughters. Angry words were exchanged. All four then walked to Rene's apartment.

When they arrived, Rene came outside the apartment. Rene and Michelle began yelling at each other while standing face-to-face. Michelle challenged Rene and her daughter AR to fight with her. Rene told Michelle to go home. At some point during the yelling and screaming, 10-year-old AL came to be standing next to her mother holding an open plastic water bottle. AL looked scared and upset. While the yelling continued, AL threw water from the bottle at Michelle, and some of the water landed on Michelle's face.

In response, Michelle grabbed AL's lower forearm and twisted her arm with "a lot of force," knocking the water bottle out of AL's hand. AL pulled Michelle's hair to try to get her to stop.

2

Rene then told the girls' grandmother to call the police, and told Michelle and her boyfriend to leave, which they did. When the police arrived, AL was sitting on the grass crying in pain. Paramedics were called to the scene. They put AL's arm in a sling and transported her to the hospital by an ambulance.

Michelle was arrested and charged with battery against AL. At trial, the prosecution presented the evidence summarized above.[1]

At the close of the prosecution case, Michelle moved to dismiss the battery count regarding AL. Michelle argued the prosecutor did not present any evidence negating Michelle's self-defense claim. The prosecutor disagreed, highlighting the evidence showing: (1) Michelle instigated the confrontation; (2) Michelle's forceful twisting of AL's arm was an unreasonable response to the fact that a "visibly upset" and "scared" 10-year-old girl splashed some water on her; and (3) Michelle used "more force than was reasonably necessary to defend against any danger of being splashed by water." After considering these arguments, the court denied the motion.

Michelle's counsel then presented the defense case, consisting of testimony by Michelle and her boyfriend. Michelle testified that she touched AL's arm only in response to AL's pulling her hair and denied that she twisted AL's arm. Michelle said AL threw the water and water bottle at her and pulled her hair, and in response to these

---

[1]     Michelle was also charged with one count of battery against Rene. However, the court found the prosecutor did not prove this charge. We thus omit a discussion of the facts related solely to this charge.

3

actions, Michelle merely moved AL's arm away from her. Michelle's boyfriend testified consistent with this evidence.

During closing arguments, the prosecutor argued that although both sides (Rene's family and Michelle) had responsibility for the escalation of the verbal conflict, Michelle "took it to another level when she touched . . . [AL] in an offensive manner causing a battery . . . ."

Defense counsel countered that Michelle's touching of AL's arm was an act of self-defense. The court interrupted asking "What about the [law stating] . . . it's not a defensible crime to respond to a provocative act that is not a threat. We're talking about water being splashed." Defense counsel responded by arguing that Michelle was merely "preventing [AL] from splashing her with the water" and that AL had "pulled Michelle's hair." The court replied that there was conflicting evidence on the timing of the actions, but "I don't see any evidence of self-defense. I don't see that [AL's] act . . . as described by any side rises beyond a simple provocative act that is almost to the point of words. . . . [¶] . . . [¶] . . . I'm talking about the bottled water."

The court ultimately found the prosecutor proved the battery on AL "beyond a reasonable doubt." The court said it found "the overall testimony of the prosecution witnesses credible . . . . So I make a true finding as to count one related to the arm twisting. I don't think the arm twisting was an act of self-defense."

DISCUSSION

## I. *Battery and Self-Defense*

Because each of Michelle's appellate contentions pertain to her self-defense theory, we begin by briefly summarizing the governing law.

A battery is "any willful and unlawful use of force or violence upon the person of another." (Pen. Code, § 242.) To justify a battery based on self-defense, the defendant generally must have an actual, honest, and reasonable belief that bodily injury is about to be inflicted on him or her. (*People v. Minifie* (1996) 13 Cal.4th 1055, 1064.) Additionally, the right of self-defense is limited to the use of reasonable force. (*Id.* at pp. 1064-1065; *People v. Clark* (2011) 201 Cal.App.4th 235, 250.) The defendant's use of force must be proportionate to the threat he or she is facing. (See *People v. Pinholster* (1992) 1 Cal.4th 865, 966, overruled on other grounds in *People v. Williams* (2010) 49 Cal.4th 405, 459.) The use of excessive force destroys the justification of self-defense. (See *People v. Hardin* (2000) 85 Cal.App.4th 625, 629.) Moreover, the right to use force continues only as long as the danger exists or reasonably appears to exist. (*People v. Clark, supra*, 201 Cal.App.4th at p. 250; *People v. Martin* (1980) 101 Cal.App.3d 1000, 1010.)

Generally, if the defense is raised by the evidence, the prosecution has the burden of establishing beyond a reasonable doubt that the defendant did not act in self-defense. (*People v. Lee* (2005) 131 Cal.App.4th 1413, 1429.)

## II.  *Section 701.1 Motion*

Michelle first contends the court erred in denying her section 701.1 motion to dismiss the battery charge as to AL based on self-defense.

Section 701.1 allows the juvenile court to dismiss a petition after the close of the People's case if the prosecution's evidence is insufficient to sustain the allegations.  (*In re Anthony J.* (2004) 117 Cal.App.4th 718, 727-728.)  Similar to a Penal Code section 1118.1 motion, this procedure permits the juvenile court " ' "to weed out as soon as possible those few instances in which the prosecution fails to make even a prima facie case." ' [Citations.]  The question ' "is simply whether the prosecution has presented sufficient evidence to present the matter to the jury for its determination."  [Citation.]  The sufficiency of the evidence is tested at the point the motion is made.' " (*People v. Maciel* (2013) 57 Cal.4th 482, 522; see *In re Anthony J., supra*, 117 Cal.App.4th at p. 727.)  " 'We may not set aside the trial court's denial of the motion on the ground of the insufficiency of the evidence unless it clearly appears that upon no hypothesis whatsoever is there sufficient substantial evidence to support the conclusion reached by the court below.' [Citations.]" (*In re Man J.* (1983) 149 Cal.App.3d 475, 482.)

In this case, the court properly found the prosecution presented sufficient evidence to negate Michelle's self-defense claim.  Most important, there was substantial evidence supporting that Michelle's use of force against the 10-year-old child was excessive under the circumstances, and thus not a justifiable self-defense to the battery.  Based on the prosecution's evidence, AL was standing next to her mother, visibly upset by the loud and angry argument.  As the confrontation escalated, AL threw some water at Michelle in an

6

obvious attempt to put a stop to the yelling and make Michelle go away. At that point, no one had touched or threatened to touch Michelle and only some of the water from the bottle reached Michelle. Yet Michelle reacted by forcefully grabbing AL's arm and twisting it so hard that AL continued to be in substantial pain for a lengthy period and had to be taken by ambulance for medical observation or treatment. On this record, the court had a reasonable basis to conclude the prosecution had proved the absence of self-defense beyond a reasonable doubt.

Michelle argues the court erred in shifting the burden to Michelle to prove she acted in self-defense. There is no evidence in the record to support this assertion. In their arguments on the section 701.1 motion, both counsel predicated their arguments on the assumption that the prosecution was required to negate the self-defense claim. Absent evidence to the contrary, we are required to presume the court understood these arguments and applied the proper proof burden. (See *In re Fred J.* (1989) 89 Cal.App.3d 168, 175.)

Michelle's reliance on *People v. Myers* (1998) 61 Cal.App.4th 328 (*Myers*) is also misplaced. In *Myers*, a defendant had been charged with felony assault and was convicted of the lesser simple assault crime. (*Id.* at pp. 330, 335.) The evidence showed the victim had confronted the defendant and was poking him in the chest. The defendant testified he then pushed the victim merely to get him " 'to go back across the street.' " (*Id.* at p. 332.) The victim, however, unexpectedly fell on wet pavement and was severely injured. (*Id.* at pp. 330, 332.) The court gave self-defense instructions including that the threat of physical harm must be " 'imminent.' " (*Id.* at p. 333.) The defendant argued this

7

instruction did not adequately cover his defense theory that he had the right to use *some* force to defend against a battery. (*Id.* at pp. 333-334.) The appellate court agreed, reasoning that even though the defendant may not have been in danger of "bodily harm," he still had the right to resist the battery by using "*such force as is reasonable under the circumstances.*" (*Id.* at p. 335, italics added.) The court concluded that a properly instructed jury could have found the defendant used only that force reasonably necessary to defend against, or resist, the offensive touching, and thus that the defendant was not guilty of battery. (*Id.* at pp. 335-336.)

This case is distinguishable. The prosecution presented evidence showing Michelle's reaction to the water-splashing incident by forcefully twisting the 10-year-old child's arm was not an appropriate or proportionate response. Based on this evidence, the court found AL's actions did not justify the battery. This finding is fully consistent with *Myers.*

### III. *Sufficiency of the Evidence*

Michelle also challenges the sufficiency of the evidence to support the court's ultimate battery finding because she says the evidence unequivocally supported her self-defense theory.

In reviewing the sufficiency of the evidence to support a juvenile court judgment, we view the entire record in the light most favorable to the court's findings, presuming as true every fact possibly deduced in support of the judgment. (*In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1371.) The record must contain substantial evidence, "reasonable, credible, and of solid value," proving Michelle committed battery with no justifiable

8

defense. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) We then determine whether any "reasonable trier of fact" could have found Michelle guilty of the essential elements of the crime beyond a reasonable doubt. (*People v. Stanley* (1995) 10 Cal.4th 764, 792.)

For the same reasons discussed above, we conclude substantial evidence supports the juvenile court's finding that Michelle committed a battery on AL and that the prosecutor negated—by proof beyond a reasonable doubt—Michelle's asserted self-defense justification. Michelle and her boyfriend testified that she did not touch AL's arm until *after* AL pulled her hair and that she never twisted AL's arm. But the court could reasonably decide that this testimony was not credible and instead to credit the testimony of the prosecution witnesses.

Michelle argues the court applied the wrong legal standard at the conclusion of the trial. Specifically, Michelle asserts that in questioning defense counsel during closing statements, the court was reading from a bracketed portion of CALCRIM No. 960 (the model Simple Battery instruction), which stated: "It is no defense to this crime that the defendant was responding to a provocative act that was not a threat or an attempt to inflict physical injury." (CALCRIM No. 960 (2013).) Although this statement was contained in the model instruction at the time of the hearing (July 2013), the statement was eliminated in the August 2013 CALCRIM revision. (CALCRIM No. 960 (Aug. 2013 supp.).) Michelle speculates this deletion was based on the *Myers* decision and therefore the court's reference to the bracketed statement shows the court applied the wrong standard.

9

The argument is unavailing. First, *Myers* did not change the general rule that a defendant is entitled to defend herself only if there is a provocative act or threat, or an attempt to inflict physical injury. (*Myers, supra*, 61 Cal.App.4th 328; see *People v. Clark, supra*, 201 Cal.App.4th at p. 250; CALCRIM No. 3470.) The threat must be imminent; fear of *future* harm—no matter how great the fear and no matter how great the likelihood of harm—will generally not suffice. (*People v. Clark, supra*, 201 Cal.App.4th at p. 250; see *In re Christian S.* (1994) 7 Cal.4th 768, 783.) Further, *Myers*'s conclusion that the defendant was justified in resisting a battery with reasonable force does not show the court's comments here were erroneous. In *Myers* the defendant was reacting to a battery committed upon him (finger poking in his chest), and there was evidence showing the defendant responded in a reasonably appropriate manner by pushing the victim. (*Myers, supra*, 61 Cal.App.4th at pp. 333-336.) On these facts, the *Myers* court held the trial court erred in refusing the defendant's requested instruction that the defendant had a right to defend himself against a "battery," even if the conduct did not pose an immediate danger of bodily injury. Here, the court found Michelle *did not* respond in a reasonably appropriate manner by twisting AL's arm after AL threw water on her.

Viewing the court's comments, we are satisfied the court understood and correctly applied the governing law. Although throwing water on someone else—like finger poking—may technically constitute a battery and justify an appropriate defensive response, the court could reasonably find this negligible "touching" did not warrant Michelle's violent conduct, particularly under circumstances where the victim was a 10-

year-old child who was obviously upset about a loud argument involving her mother.

Substantial evidence supported the court's finding.[2]

DISPOSITION

Judgment affirmed.

HALLER, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

---

[2]     Based on our conclusions, we need not reach the Attorney General's alternative arguments regarding a "mutual combat" theory.