Filed 3/2/26  In re M.D. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re M.D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>M.D.,<br><br>    Defendant and Appellant. | A173215<br><br>(Contra Costa County<br>Sup. Ct. No. J22-00465) |

M.D. appeals from an order declaring him a ward of the juvenile court under Welfare and Institutions Code section 602 based on a finding that he committed forcible oral copulation against Jane Doe.  (Pen. Code, § 287, subd. (c)(2)(C), undesignated statutory references are to this code.)  He argues there was insufficient evidence to sustain the forcible oral copulation allegation.  He also contends substantial evidence supported a *People v. Mayberry* (1975) 15 Cal.3d 143 defense — that he did not possess wrongful intent because he entertained a reasonable and bona fide belief that Doe consented to sexual intercourse.  We affirm.

1

## BACKGROUND

In 2021, Doe was 17 years old and a sophomore in high school. She dated M.D. for approximately two weeks in December. When they first started dating, he wanted to "just do it right away" with her. One time while at school, he directed her to an area that did not have cameras and repeatedly asked her to orally copulate him. She refused and told her parents shortly after because she felt uncomfortable and distressed. Doe and M.D. later broke up.

Around December 2021 or January 2022 — after they broke up — M.D. and Doe sat and talked near the school library. She wanted to talk more, and he suggested meeting in a different place. Once there, however, he kept asking her to orally copulate him. She said no three times, but he ignored her, looked at his phone, and pushed her head towards his penis so she could orally copulate him. She did so because he forced her head down painfully, and she feared he would get mad or upset if she did not comply. She did not resist when he forced her head down because she "thought it was just normal, and . . . [she] was going along with it. [She] didn't want to make him mad."

Doe reported the incident to a school healthcare worker about one month later. She had concerns about her safety, about "him showing up to the school" or "seeing him again." While they had been in a relationship, he had not otherwise pushed her head or used physical aggression to make her orally copulate him.

As relevant here, the Contra Costa County District Attorney filed a juvenile wardship petition, alleging M.D. had committed one felony count of oral copulation upon a minor, 14 years of age or older, by means of force, violence, duress, menace, and fear of immediate and unlawful bodily injury

2

(§ 287, subd. (c)(2)(C)).[1]  After a contested hearing, the juvenile court found true the forcible oral copulation allegation.  It found Doe's testimony credible — that M.D. asked her to orally copulate him, she said no multiple times, and at one point, he "forced her head down and that she gave in."  The court noted the force was painful, M.D. had aggression in his voice, and Doe was afraid of making him mad.  It adjudged M.D. a ward of the court, placed him on probation, and ordered him to reside with his parents.

## DISCUSSION

M.D. contends insufficient evidence of force supported the allegation of forcible oral copulation.  " 'The standard of proof in juvenile proceedings involving criminal acts is the same as the standard in adult criminal trials.' " (*In re Babak S.* (1993) 18 Cal.App.4th 1077, 1088.)  When assessing the sufficiency of the evidence, we "review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value— such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)  Having engaged in that review, we disagree.

Section 287 provides that "[a]ny person who commits an act of oral copulation upon a minor who is 14 years of age or older, when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person" is guilty of a criminal offense.  (§ 287, subd. (c)(2)(C).)  Oral

---

[1] Although the district attorney charged M.D. with three counts of forcible oral copulation against three different victims, we only address the facts surrounding one count against Doe.  The juvenile court dismissed one count, and M.D. does not challenge the court's finding on the remaining allegation.

copulation by force requires "the use of force sufficient to overcome the victim's will." (*People v. Guido* (2005) 125 Cal.App.4th 566, 576.) The degree and " ' " 'kind of physical force is immaterial.' " ' " (*People v. Griffin* (2004) 33 Cal.4th 1015, 1024–1025, italics omitted.) Rather, force "includes circumstances where the victim did not want to engage in the act and the evidence does not otherwise establish the victim's positive cooperation in act or attitude." (*People v. Thomas* (2017) 15 Cal.App.5th 1063, 1071.)

Sufficient evidence exists here. M.D. aggressively asked Doe to orally copulate him. She said no three times. He then pushed her head down towards his penis, causing her pain. She testified that, with "him getting mad and him trying to force [her] head down," she "caved in." The court could reasonably conclude that the physical movement and pushing of Doe's head, despite her objection, was force sufficient to overcome her will. (*People v. Thomas*, *supra*, 15 Cal.App.5th at p. 1072.) That she did not resist or inform him that he was causing her pain is not determinative, contrary to M.D.'s assertions. " '[R]esistance is no longer the touchstone of the element of force.' " (*People v. Griffin*, *supra*, 33 Cal.4th at p. 1028.) The court was simply required to determine whether he "used force to accomplish" the oral copulation against her will, "not whether the force he used overcame [her] physical strength or ability to resist him." (*Ibid*.) That test is satisfied here — she repeatedly stated she did not want to orally copulate him, but he nonetheless pushed her head down toward his penis.

M.D.'s arguments fails to persuade. First, he contends consensual sexual contact with Doe was a common occurrence during their relationship, thus it is reasonable to infer the late December 2021 incident was also consensual. Her willingness to meet him in a secluded area, he argues, further underscores her consent. Not so. A prior dating relationship "is not

4

sufficient to constitute consent if consent is at issue" in a forcible oral copulation prosecution.  (§ 261.6, subd. (b).)  And voluntarily meeting an eventual attacker does not indicate ongoing consent.  Forcible oral copulation occurs when the act " 'is accomplished against the will of the victim by force . . . and it is immaterial at what point the victim withdraws her consent, so long as that withdrawal is communicated to the [attacker] and he thereafter ignores it.' "  (*In re John Z.* (2003) 29 Cal.4th 756, 762.)  Here, Doe unequivocally expressed her lack of consent by stating three times that she did not want to orally copulate M.D., who then ignored her wishes.

Second, M.D. argues there was evidence Doe orally copulated him based on her fear of upsetting him or being ignored, not fear of bodily injury.  And relying on testimony that she orally copulated him after he became mad and ignored her, he argues the record establishes she began to orally copulate him *before* he pushed her head down.  This argument ignores the standard of review.  We make all reasonable inferences in favor of the judgment rather than assessing whether there is substantial evidence to support a contrary verdict.  It is for the juvenile courts "to resolve the inconsistencies and contradictions" in Doe's testimony.  (*People v. Cortes* (1999) 71 Cal.App.4th 62, 73–74 [inconsistent and conflicting victim testimony was substantial evidence to support rape conviction]; *People v. Rodriguez, supra*, 20 Cal.4th at p. 11.)  As described above, her testimony established sufficient force — M.D. pushed her head toward his penis after she repeatedly said no.  The court found her testimony credible, a finding we defer to on appeal.  (*People v. Covarrubias* (2016) 1 Cal.5th 838, 890.)

Finally, M.D. contends insufficient evidence supported the oral copulation finding because the prosecution failed to demonstrate the absence of a *Mayberry* defense — that subjectively, he " 'honestly and in good faith,

albeit mistakenly, believed [Doe] consented to sexual [conduct]' " and objectively, his " 'mistake regarding consent was reasonable under the circumstances.' " (*People v. Duarte-Lara* (2020) 49 Cal.App.5th 332, 338.) Although he admits he did not proffer such a defense below, he insists the prosecution was obligated to disprove its existence.

At the outset, we reject M.D.'s unsupported suggestion that the prosecution must demonstrate the absence of the *Mayberry* defense for a forcible oral copulation finding. The elements of the allegation are: (1) a "person participated in an act of oral copulation with the victim;" and (2) "the act was accomplished against the victim's will by means of force, violence, duress, menace or fear of immediate and unlawful bodily injury on the victim or any other person." (*People v. Scott* (2000) 83 Cal.App.4th 784, 795, fn. 4.) For a *Mayberry* defense, the "*defendant* bears the burden of raising a reasonable doubt as to whether he harbored a reasonable and good faith but mistaken belief of consent." (*People v. Williams* (1992) 4 Cal.4th 354, 361 (*Williams*), italics added.) And " 'then only if the prosecution's proof did not of itself raise such a doubt.' " (*Ibid*.) Here, the prosecution's proof raised no such doubt, and, as M.D. concedes, he did not raise a *Mayberry* defense at the hearing.

Nor was there substantial evidence to support the defense. Doe's conduct was unequivocal. (*Williams, supra*, 4 Cal.4th at p. 361 [*Mayberry* defense requires defendant to "adduce evidence of the victim's equivocal conduct on the basis of which he erroneously believed there was consent"].) Three times, she responded no to M.D.'s repeated requests to orally copulate him. She testified that, with "him getting mad and him trying to force [her] head down" to his penis, she just "caved in." "No doubt it would offend modern sensibilities to allow a defendant to assert a claim of reasonable and

good faith but mistaken belief in consent based on the victim's behavior *after* the defendant had exercised" force on the person. (*Id*. at p. 364.)

M.D. further failed to present any evidence — direct or circumstantial — of his state of mind at the time of the offense. (*People v. Simmons* (1989) 213 Cal.App.3d 573, 581.) There was no testimony, for instance, that "he erroneously deduced consent from [Doe's] lack of struggle or failure to attempt to escape, and the substance of his testimony negates that possibility." (*People v. Burnett* (1992) 9 Cal.App.4th 685, 690.) He simply testified that he and Doe were in a relationship, and the incident was consensual — he did not force her to orally copulate him. Thus, where his evidence "is unequivocal consent and the prosecution's evidence is of nonconsensual forcible sex," there is insufficient evidence to establish a *Mayberry* defense. (*Burnett*, at p. 690 [describing evidence that is insufficient to provide a *Mayberry* instruction].)

Any possible mistake regarding Doe's consent was also unreasonable under the circumstances. (*Williams*, *supra*, 4 Cal.4th at p. 361.) Her prior relationship with him did not make it objectively reasonable to assume the subsequent oral copulation was consensual, contrary to M.D.'s assertions. A victim's prior relationship that includes consensual sexual relations does not, standing alone, tend to demonstrate the reasonableness of a defendant's belief that "she consented to sexual relations on the date of the alleged offense[]." (*People v. Simmons, supra*, 213 Cal.App.3d at p. 581.) This is particularly relevant here, where she testified that she repeatedly refused to orally copulate him and only "caved in" after her head was forced towards his penis. "[R]egardless of how strongly a defendant may subjectively believe a person has consented to sexual intercourse, that belief must be formed under circumstances society will tolerate as reasonable in order for the defendant to

have adduced substantial evidence giving rise to a *Mayberry* instruction." (*Williams*, at p. 361.)  No such circumstances exist here.

Viewing the entire record, it does not clearly appear that "upon no hypothesis whatsoever is there sufficient substantial evidence to support" the forcible oral copulation finding.[2]  (*In re Man J.* (1983) 149 Cal.App.3d 475, 482.)

## DISPOSITION

The judgment is affirmed.

---

[2] In light of this conclusion, we do not address M.D.'s claim that his trial counsel provided him ineffective assistance because he failed to raise the *Mayberry* defense.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
TUCHER, P. J.


_____
FUJISAKI, J.

A173215; *In re M.D.*

9